NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAMELA DENISE PRINGLE, | No. 19-16914 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02035-WBS-KJN |
| v. | |
| BRENT CARDALL; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted February 17, 2021**

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Pamela Denise Pringle appeals pro se from the district court's order

dismissing certain defendants in her 42 U.S.C. § 1983 action alleging various

constitutional violations.  Because the district court certified its interlocutory order

pursuant to Federal Rule of Civil Procedure 54(b), we have jurisdiction under 28

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Pringle's request for oral
argument, set forth in the opening and reply briefs, is denied.

U.S.C. § 1291.  We review de novo a dismissal for lack of personal jurisdiction. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). We affirm.

The district court properly dismissed Pringle's claims against defendants Sandy Jones, Amanda Gentry, Noel Barlow-Hust, Judy Mesick, Cindy McDonald, Mark Kubinski, and Elisa Magnuson for lack of personal jurisdiction because Pringle failed to allege facts sufficient to establish that these defendants had sufficient minimum contacts with California to provide the court with specific personal jurisdiction over these defendants.  *See id.* at 1076-77 (discussing requirements for specific personal jurisdiction); *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1146 (9th Cir. 2017) (personal jurisdiction is improper if "the forum state was only implicated by the happenstance of [plaintiff's] residence").

Pringle's motion for judicial notice (Docket Entry No. 26) is denied.

Pringle's motion for an expedited ruling (Docket Entry No. 41) is denied as moot.

Defendants' request for appellate attorney's fees and costs, set forth in the answering brief, is denied without prejudice.  *See* Fed. R. App. P. 38 (requiring a separate motion for fees and costs); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 828 (9th Cir. 2009) (a request made in an appellate brief does not satisfy

Rule 38).

**AFFIRMED.**